United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ANDREW P., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BLUE CROSS OF CALIFORNIA DBA AS ANTHEM BLUE CROSS, et al.,<br><br>    Defendants. | Case No. 25-cv-02158-BLF<br><br>**ORDER GRANTING DEFENDANT ACOMO U.S. HOLDINGS LLC D/B/A TRADIN ORGANICS USA LLC'S MOTION FOR LEAVE TO FILE ANSWER OUT OF TIME**<br><br>[Re: ECF No. 30] |

Before the Court is Defendant Acomo U.S. Holdings LLC d/b/a Tradin Organics USA LLC's ("Defendant") motion for leave to file answer out of time. ECF 30 ("Mot."). Plaintiffs have not filed an opposition. The Court deems that the matter is suitable to be determined without oral argument and VACATES the hearing for Defendant's motion scheduled on October 30, 2025. For the reasons below, the Court GRANTS Defendant's motion.

**I.  LEGAL STANDARD**

Federal Rule of Civil Procedure 6(b)(1)(B) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). "The good cause standard focuses on the diligence of the party seeking to extend deadlines and the reasons for seeking the modification." *Fireman's Fund Ins. Co. v. Electrolux Home Prod., Inc.*, No. 3:23-CV01847, 2024 WL 947792, at *1 (S.D. Cal. Feb. 6, 2024) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

//

## II. DISCUSSION

Defendant seeks an order permitting it to file its belated answer. Mot. at 1. In assessing whether Defendant's failure to file its answer by the deadline was the result of "excusable neglect," this Court "must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian*, 624 F.3d at 1261 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Defendant argues that permitting it to file the answer late will not prejudice Plaintiffs because "[t]his case remains in its early stage." Mot. at 4. Defendant argues that the delay was "brief." *Id.* Defendant explains that the delay was because of its "counsel's inadvertent oversight and not in bad faith." *Id.* Defense counsel explains that the matter was transferred to his office on June 11, 2025, and the stipulation to extend time to June 30, 2025 was not submitted for Court approval and he had inadvertently miscalendared the deadline. *See id.*; ECF 30 at 5, Declaration of Stephen Acker ("Acker Decl.") ¶ 3. Defense counsel explains that, upon realizing the inadvertent oversight, he "promptly began preparation of the instant motion and the proposed Answer." *Id.*

The Ninth Circuit has declined to fashion a *per se* rule "against late filings attributable to any particular type of negligence." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004). Instead, courts consider the "the issue of excusable neglect within the context of the particular case." *Id.* at 859. The Court agrees that, under the circumstances, a delay of about a month will not significantly impact the proceedings—particularly given the fact that the initial case management conference is currently set on November 6, 2025. *See* ECF 33. The Court also finds that Defendant was reasonably prompt in seeking to address the issue once it was identified. Acker Decl. ¶ 4. The Court also does not see any indication of bath faith or of prejudice to Plaintiffs.

In light of the minimal delay and no evidence of prejudice, the Court finds that Defendant's failure to file its answer due to a calendaring mistake falls within the bounds of "excusable neglect." *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223, 1225 (9th Cir. 2000) (finding excusable neglect even though the reason for the delay—out-of-country travel, after which it took the attorney two weeks to recover from jet lag and process his mail—was "admittedly, weak"); *see also*

*Ahanchian*, 624 F.3d at 1262. Based on the foregoing equitable analysis and the forgiving nature of the relevant standard, *Ahanchian*, 624 F.3d 1259, the Court finds that there is good cause to permit Block's late-filed motion to seal.

For the above reasons, the Court GRANTS Defendant's motion for leave to file answer out of time. Defendant Acomo U.S. Holdings LLC d/b/a Tradin Organics USA LLC shall file its answer within fourteen (14) days of the date of this order.

Dated: July 30, 2025

_____
BETH LABSON FREEMAN
United States District Judge