1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

ANDREW P., et al.,

               Plaintiffs,

    v.

BLUE CROSS OF CALIFORNIA DBA AS
ANTHEM BLUE CROSS,

            Defendant.

Case No.  5:25-cv-02158-BLF

**ORDER GRANTING MOTION TO
DISMISS**

[Re:  ECF No. 38]

Before the Court is Defendant Blue Cross of California's ("Blue Cross's") motion to dismiss Plaintiffs Andrew P. and L.P.'s complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 38 ("Mot."); *see also* ECF No. 45 ("Reply").  Plaintiffs oppose the motion.  *See* ECF No. 44 ("Opp.").  The Court heard oral argument on December 12, 2025.  ECF No. 55.  The motion is GRANTED.

## I.  BACKGROUND

Through his employment, Andrew P. has been  a participant in the Anthem Platinum PPO 15/250/10% Plan ("Plan"), a welfare benefits plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA") and administered by Blue Cross.  ECF No. 1 ("Compl.") ¶¶ 5, 7.  Andrew P. is the father of L.P., who is a beneficiary of the Plan.  *Id.* ¶¶ 2, 6.

As relevant here, the Plan "provides coverage for the Medically Necessary treatment of Mental Health and Substance Use Disorder."  Evidence of Coverage ("EOC") at 92, ECF No. 38-1.[1]  The Plan covers behavioral health inpatient services provided in "any Facility," which may

---

[1] Plaintiffs incorporate the EOC in the complaint, *see* Compl. ¶ 15, so the Court may consider the document in resolving Defendant's motion.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

include a "Residential Treatment Center" or "Mental Health/Substance Use Disorder Facility," and "must be licensed, accredited, registered or approved." *Id.* at 170–71. The Plan excludes coverage for "Wilderness or other outdoor camps and/or programs," but the exclusion "does not apply to Medically Necessary treatment of Mental Health and Substance Use disorder as required by state law." *Id.* at 123.

L.P. has a history of mental illness and sought mental health treatment at Open Sky Wilderness Therapy ("Open Sky"), an intermediate behavioral health facility licensed in Utah and Colorado, from February 7, 2022, to April 27, 2022. Compl. ¶¶ 27–28, 32, 43. Plaintiffs did not seek preauthorization for inpatient treatment at Open Sky but instead submitted a request for post-service review. *Id.* ¶ 36. Blue Cross denied benefits under the Plan's wilderness exclusion. *Id.* ¶ 37. Plaintiffs appealed the denial, arguing that the wilderness exclusion did not apply because the services were medically necessary and because Open Sky is an "intermediate behavioral health" facility. *Id.* ¶ 43(i). Blue Cross denied the appeal on the ground that Open Sky did not meet the Plan's definition of "Residential Treatment Center" and was not properly accredited as required by the Plan. *Id.* ¶ 45.

Plaintiffs filed suit to challenge Blue Cross's denial of coverage, asserting two causes of action: (1) a legal claim for benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B), and (2) an equitable claim for violation of the Mental Health Parity and Addiction Equity Act ("Parity Act"), 29 U.S.C. § 1132(a)(3).

## II.     LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) "if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). The task when ruling on a motion to dismiss "is to evaluate whether the claims alleged [plausibly] can be asserted as a matter of law." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

United States District Court
Northern District of California

1    reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2    **III.    DISCUSSION**

3        **A.  ERISA Benefits Claim**

4        ERISA is a "comprehensive legislative scheme" enacted to "protect . . . the interests of

5    participants in employee benefit plans and their beneficiaries by setting out substantive regulatory

6    requirements for employee benefit plans and to provid[e] for appropriate remedies, sanctions, and

7    ready access to the Federal courts." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004)

8    (alterations in original) (citations omitted); *see also* 29 U.S.C. § 1001(b).  ERISA authorizes plan

9    participants and beneficiaries to bring a civil action to recover benefits due under the terms of a

10   plan.  29 U.S.C. § 1132(a)(1)(B).  To prevail on a claim for benefits, a plaintiff must show that

11   (1) the plain is covered by ERISA, (2) the plaintiff is a participant or beneficiary of the plan, and

12   (3) the plaintiff was wrongfully denied benefits owed under the plan.  *Forest Ambulatory Surgical*

13   *Assocs., L.P. v. United HealthCare Ins. Co.*, No. 10-cv-04911-EJD, 2011 WL 2748724, at *5

14   (N.D. Cal. July 13, 2011).

15       Plaintiffs allege that Blue Cross "wrongly excluded coverage for L.P.'s treatment in

16   violation of the terms of the Plan, which promise benefits to employees and their dependents for

17   medically necessary treatment of mental health disorders."  Compl. ¶ 57.  In urging dismissal,

18   Blue Cross argues that Plaintiffs fail to establish entitlement to benefits under the Plan because

19   they do not allege that Open Sky is an accredited "Hospital, Skilled Nursing Facility, or

20   Residential Treatment Center."  Mot. at 10.  Plaintiffs respond that dismissal is not warranted

21   because the Plan covers medically necessary treatment of mental health and substance use

22   disorders and does not limit such treatment to residential treatment centers.  Opp. at 11.  Plaintiffs'

23   argument fails for two independent reasons.

24       First, although Plaintiffs are correct that the Plan does not limit mental health coverage to

25   residential treatment centers, the Plan does not cover inpatient benefits such as residential

26   accommodations except when those services are provided in certain enumerated "Facilities," such

27   as hospitals, hospices, skilled nursing facilities, and residential treatment centers.  EOC at 121.

28   Second, regardless of whether a facility is a residential treatment center or other type of facility,

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    the Plan still requires all "Facilities" to be accredited, *id.* at 171, which Plaintiffs do not allege in

2    their complaint.  At oral argument, Plaintiffs suggested that it is sufficient for the treatment center

3    to be "licensed by law" to constitute a Facility, pointing out that the definition of "Provider" is

4    "[a] professional or Facility licensed by law that gives health care services within the scope of that

5    license." *Id.* at 177.  The problem with this argument is that "Facility" is capitalized, suggesting

6    that it is a defined term and incorporates the other requirements set forth in the EOC, including

7    that it be "accredited," *id.* at 171.  Plaintiffs accordingly fail to state a claim for recovery of

8    benefits under ERISA.  *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996) (explaining that a plaintiff

9    must establish "benefits due" under "the terms of the plan" to recover benefits pursuant to

10   section 1132(a)(1)).

11   **B.  Parity Act Claim**

12   "The Parity Act requires that any limitations on 'mental health or substance use disorder

13   benefits' in an ERISA plan be 'no more restrictive than the predominant treatment limitations

14   applied to substantially all [covered] medical and surgical benefits." *Ryan S. v. UnitedHealth*

15   *Grp., Inc.*, 98 F.4th 965, 971 (9th Cir. 2024) (quoting 29 U.S.C. § 1185a(a)(3)(A)(ii)).  To state a

16   Parity Act violation, a plaintiff must show that the challenged plan includes a treatment limitation

17   for mental health or substance use disorder benefits that is more restrictive than comparable

18   medical or surgical benefits.  *K.K. v. Premera Blue Cross*, No. 21-cv-01611-JCC, 2022 WL

19   1719134, at *2 (W.D. Wash. May 27, 2022).  There are three types of Parity Act cases that a

20   plaintiff may bring: "(1) *facial exclusion* cases; (2) *as-applied* cases, and (3) *internal process*

21   cases." *Ryan S.*, 98 F.4th at 971.  Plaintiffs argue that the complaint plausibly alleges a facial or

22   as-applied Parity Act claim.  Opp. at 14–15.  The Court disagrees.

23   "[A] plaintiff alleging a facial Parity Act violation must properly identify, either in the

24   terms of the plan or the administrative record, the relevant treatment limitation supporting that

25   charge." *A.Z. by & through E.Z. v. Regence Blueshield*, 333 F. Supp. 3d 1069, 1081 (W.D. Wash.

26   2018).  Plaintiffs allege that the Plan facially violates the Parity Act because "[t]he Plan does not

27   exclude coverage for medically necessary care of medical/surgical conditions based on geographic

28   location, facility type, provider specialty, or other criteria in the manner claimed by Defendants for

4

1    treatment for L.P. at Open Sky." Compl. ¶ 68; *see also* Opp. at 14. Plaintiffs also allege that Blue

2    Cross failed to provide any of the information requested to conduct a parity analysis. Compl.

3    ¶ 43(j). While the Court agrees with Plaintiffs that "geographic location, facility type, [and]

4    provider specialty" are all non-quantitative treatment limitations that, if disparate, *could* give rise

5    to a Parity Act violation, Plaintiffs fail to identify any of these restrictions with specificity, and

6    Plaintiffs do not dispute that the wilderness exclusion, accreditation requirement, or residential

7    coverage limitations apply with equal force to both medical and behavioral health conditions. In

8    short, Plaintiffs fail to allege a facial claim because they do not identify a limitation in the Plan

9    that is more restrictive for mental health or substance use disorder treatments. *See Stone*

10    *v. UnitedHealthcare Ins. Co.*, 979 F.3d 770, 774 (9th Cir. 2020).

11        "Plaintiffs alleging as-applied Parity Act violations must simply allege that the insurer

12    applied the plan in a disparate way as to mental health or substance use disorder treatment,

13    regardless of what the plan itself says." *K.K.*, 2022 WL 1719134, at *3. The complaint fails to

14    meet this low threshold, alleging only that "[u]pon information and belief" the Plan violated the

15    Parity Act "in application or effect." Compl. ¶ 69. But formulaic recitations of the law without

16    factual support cannot save the complaint. While the Court must resolve all factual inferences in

17    Plaintiffs' favor at the pleadings stage, the Court need not accept as true "allegations that are

18    merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell*

19    *v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Because Plaintiffs fail to specifically

20    allege a disparity between mental health benefits and medical or surgical benefits, they fail to state

21    an as-applied Parity Act claim. *See A.H. by & through G.H. v. Microsoft Corp. Welfare Plan*,

22    No. 17-cv-01889-JCC, 2018 WL 2684387, at *7 (W.D. Wash. June 5, 2018) (explaining that a

23    Parity Act plaintiff must "allege facts that plausibly demonstrate that the Plan's wilderness

24    program exclusion only places a limitation on mental health or chemical dependency treatment").

25        **C. Leave to Amend**

26        Upon granting a motion to dismiss for failure to state a claim, a court has discretion to

27    allow leave to amend the complaint pursuant to Rule 15(a). "Dismissal with prejudice and

28    without leave to amend is not appropriate unless it is clear . . . that the complaint could not be

saved by amendment." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  In deciding whether to grant leave to amend, the Court considers the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital*, in which the Ninth Circuit identified several factors to consider, including (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment.  *See* 316 F.3d at 1052.

Blue Cross moves to dismiss the complaint with prejudice.  Mot. at 15.  As Plaintiff conceded at oral argument, any amendment of the ERISA claim would be futile under the Court's construction of the EOC, so the claim is DISMISSED WITH PREJUDICE.  As to the Parity Act claim, however, none of the *Eminence Capital* factors supports dismissal with prejudice, and Plaintiffs have not had the opportunity to draft a complaint with the information requested from Defendant to conduct a parity analysis.  The Parity Act claim is accordingly DISMISSED WITHOUT PREJUDICE.

## IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) The motion is GRANTED.

(2) The ERISA claim is DISMISSED WITHOUT LEAVE TO AMEND.

(3) The Parity Act claim is DISMISSED WITH LEAVE TO AMEND.  Plaintiffs SHALL file an amended complaint within thirty days of receipt of the requested information from Blue Cross.  Plaintiffs SHALL file a notice with the Court upon receipt of such information.  Amendment SHALL be limited to curing the deficiencies identified in this order, and no new claims or parties may be added without leave of the Court.

Dated:  December 15, 2025

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California